The Honorable Jim Howerton Representative, District 102 State Capitol Building Jefferson City, MO 65101
Dear Representative Howerton:
You have submitted the following question:
Does a member of the board of aldermen have the right to pull and view the personnel file of an employee?
As part of your request you have included information indicating that the question has arisen in the context of whether an alderman of the city of Windsor, Missouri, as a fourth class city, can review an employee's personnel file to decide whether to promote or discipline that employee.
Chapter 610 RSMo is popularly known as the Sunshine Law. It is the stated policy of Missouri that the law be construed liberally and exceptions to "openness" be construed strictly. Section 610.011 RSMo 1994. However, there are definitive exceptions to the openness of records. Two of those exceptions deal specifically with personnel records. Section 610.021(3) RSMo 1999 Supp. provides that a public governmental body may close a meeting, record or vote if they relate to "Hiring, firing, disciplining or promoting of particular employees . . . when personal information about the employee is discussed or recorded." Section 610.021(13) RSMo 1999 Supp. provides that a public governmental body may close a meeting, record, or vote if they relate to "Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such."
Personnel records may be closed under Chapter 610 RSMo. When a public governmental body chooses to close such records, those records remain closed to everyone unless the body either decides to open the records or a court under Section 610.027 RSMo 1999 Supp. orders the records to be disclosed.
The issue presented is whether a member of a public governmental body has the right to review closed records of that public governmental body. The mayor and board of aldermen of fourth class cities "have the care, management and control of the city." Section 79.110 RSMo. Therefore, if the board of aldermen as a group needs to review a personnel file in order to care, manage or control a city, the board may review that file. See Attorney General Opinion No. 106-96 for the proposition that a mayor may look at certain closed records of criminal proceedings because the mayor has responsibilities in enforcing laws and ordinances and can be considered a person from a "law enforcement agency."
Section 79.350 RSMo 1994 provides:
The mayor or board of aldermen shall have power, as often as he or they may deem it necessary, to require any officer of the city to exhibit his accounts or other papers or records, and to make report to the board of aldermen, in writing, touching any matter relating to his office.
It is clear that either the mayor or the board of aldermen as a body may review all records of the city including personnel records. Pursuant to appropriate resolution or ordinance that authority of the board may be delegated to a member or members of the board. Of course, any such review must be in their capacity of a board member and the rights of privacy of the employees must be preserved.
 CONCLUSION
It is the conclusion of this office that the board of aldermen may review the contents of a personnel file of a city's employee if such is necessary to care, manage, or control the city. The authority may be delegated through resolution or ordinance to one or more members of the board.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure